Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Megan Nishikawa (Bar No. 271670)
megan.nishikawa@hoganlovells.com
Leen Bukai (Bar No. 359353)
leen.bukai@hoganlovells.com
HOGAN LOVELLS US LLP
4 Embarcadero Ctr., Ste 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

*Attorneys for Plaintiff, KS Mattson Partners, LP*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>LEFEVER MATTSON, a California corporation, et al.<br>Debtors.[1] | Case No. 24-10545 CN (Lead Case)<br>(Jointly Administered)<br>Chapter 11 |
| In re<br>KS MATTSON PARTNERS, LP,<br>Debtor. | Adv. Pro. No. 25-_____<br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER** |
| KS MATTSON PARTNERS, LP,<br>Plaintiff<br>v.<br>RANDY SUE POLLOCK, an individual,<br>Defendant. | |

---

[1] The last four digits of LeFever Mattson's tax identification number are 7537. The last four digits of the tax identification number for KS Mattson Partners, LP ("KSMP") are 5060. KSMP's address for service is c/o Stapleton Group, 514 Via de la Valle, Solana Beach, CA 92075. The address for service on LeFever Mattson and all other Debtors is 6359 Auburn Blvd., Suite B, Citrus Heights, CA 95621. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://veritaglobal.net/LM.

1

As and for its complaint, plaintiff, KS Mattson Partners, LP ("KSMP" or "Plaintiff"), by and through undersigned counsel, and based upon knowledge, information, belief, and its investigation to date, alleges as follows:

## I.

## JURISDICTION AND VENUE

1. The above-captioned court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H).

2. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

3. This adversary proceeding is commenced pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and sections 544, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

## II.

## THE PARTIES

5. Plaintiff is a California limited partnership and a debtor and debtor in possession in case number 24-10715, currently pending in the Bankruptcy Court. Plaintiff's chapter 11 case is being jointly administered under *In re LeFever Mattson, a California Corporation*, Lead Case No. 24-10545.

6. Defendant, **Randy Sue Pollock** ("Defendant" or "Pollock"), an individual, is a natural person doing business as the Law Offices of Randy Sue Pollock. Defendant Randy Sue Pollock's place of regular place of business is, based on information and belief, 286 Santa Clara Avenue, Oakland, CA 94610. Defendant describes herself on her website, rspollocklaw.com, as

2

"an experienced trial attorney specializing in criminal defense and complex white-collar cases in both federal and state court."

## III.
## NATURE OF THE ACTION

7. Plaintiff seeks to recover a $500,000 wire transfer (the "Fraudulent Retainer Payment") that Plaintiff made to Defendant on May 10, 2024 to fund a retainer for Defendant to represent Kenneth W. Mattson ("Mattson") in connection with civil and criminal proceedings against Mattson.

8. For over 15 years, Mattson controlled and operated his fraudulent real estate enterprise as a Ponzi scheme, largely through his control of LeFever Mattson ("LFM") and its affiliated debtors and debtors in possession (collectively, the "LFM Debtors" and, together with KSMP, the "Debtors"). Mattson's control of KSMP was integral to his ability to run his Ponzi scheme, as KSMP was able to enter into additional transactions without direct oversight.

9. In or around April 2024, as Mattson's Ponzi scheme began to unravel, Mattson retained Defendant to represent him in connection with anticipated criminal and civil investigations.

10. Instead of using his own assets to pay for his defense counsel, Mattson caused KSMP to wire the Fraudulent Retainer Payment to Defendant. KSMP derived no benefit from the Fraudulent Retainer Payment, which was made for Mattson's sole and exclusive benefit.

## IV.
## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

**A.   General Background**

11. KSMP was formed as a California limited partnership on August 16, 1999 to manage

3

and develop certain Mattson family assets. KSMP's partnership interests are held by each of Mattson (49%), Mattson's wife Stacy Mattson (49%), and K S Mattson Company, LLC ("KSMC") (2%). KSMC is the general partner of KSMP; each of Mr. and Mrs. Mattson holds 50% of the membership interests in KSMC, with Mattson serving as KSMC's managing member. Mattson is an "insider" of KSMP as that term is defined in section 101(31) of the Bankruptcy Code.

12. On November 22, 2024 (the "KSMP Petition Date"), an involuntary chapter 11 petition was filed against KSMP, commencing Case No. 24-10715 (Bankr. N.D. Cal.). On June 6, 2025, KSMP consented to the entry of a stipulated order for relief in the involuntary case, which order was entered by the Court on June 9, 2025. Shortly thereafter, the Bankruptcy Court appointed Robbin L. Itkin as the Responsible Individual in KSMP's chapter 11 case (the "KSMP Chapter 11 Case" and, together with the LFM Chapter 11 Cases, the "Cases"), effective June 16, 2025 [Dkt. No. 172].

13. On July 29, 2025, the Court entered the *Stipulated Bridge Order in Connection with the Motion to Substantively Consolidate the Bankruptcy Estates of LeFever Mattson and KS Mattson Partners, LP* [Dkt. No. 1887], which, among other things, authorizes the joint administration of the KSMP Chapter 11 Case with the cases filed by the LFM Debtors. No trustee or examiner has been appointed in the Cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14. On October 9, 2024, the Office of the United States Trustee for the Northern District of California appointed an official committee of unsecured Creditors (the "Committee") in the LFM Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code on [Dkt. No. 135]. On August 26, 2025, the Committee's appointment was extended to the KSMP Chapter 11 Case [Dkt. No. 2104].

B. **Mattson's Ponzi Scheme Begins to Unravel and Mattson Hires Counsel**

20. In or around January 2024, Mattson, LFM entered into an *Indemnity Agreement effective January 1, 2024* (the "Indemnification Agreement"), pursuant to which Mattson, purportedly on behalf of himself and his Affiliates (as defined in the Indemnification Agreement), agreed to indemnify LFM and its Affiliates with respect to the "numerous transactions" pursuant to which Mattson "secured funds on terms and conditions not clearly documented."

21. Effective April 1, 2024, due to concerns around Mattson's failure to document certain financial transactions involving LFM, Mattson resigned as Chief Executive Officer and Chief Financial Officer of LFM.

22. On April 19, 2024, an enforcement attorney at the SEC sent Mattson an e-mail. The e-mail bore the subject line "In the Matter of LeFever Mattson (SF-04674)" and stated, in part, "I am going to send you a document preservation letter through the SEC's secure email system." It also advised Mattson that the SEC would mail the same letter to his residence in Sonoma.

23. The SEC attorney subsequently sent Mattson an e-mail that included a document preservation letter wherein the SEC advised Mattson that he may "possess documents and data that are relevant to an ongoing investigation being conducted by the staff of the United States Securities and Exchange Commission," identified documents and communications from 2012 to the present related to LFM, Divi Divi Tree, LP ("Divi Divi") (one of the entities in which Mattson fraudulently procured investments as part of his Ponzi scheme) and investors, provided notice that such evidence "should be reasonably preserved and retained until further notice," and clarified that "failure to do so could give rise to civil and criminal liability."

24. On April 30, 2024, the United States Securities & Exchange Commission ("SEC") issued a subpoena duces tecum to Mattson for, among other things, documents concerning Divi Divi, LFM, and KSMP.

5

25. On May 10, 2024, Mattson collected the subpoena. That same day, an attorney representing Mattson contacted the SEC on Mattson's behalf. Upon information and belief, that attorney was Defendant. The SEC attorney who had sent Mattson the initial document preservation request and the subpoena sent Defendant a copy of that subpoena. The same day, May 10, 2024, Defendant confirmed receipt. This was the same day that Mattson caused KSMP to wire the Fraudulent Transfer Payment to Defendant.

26. Mr. Mattson has filed sworn statements in his criminal case stating that at the outset of Defendant's representation of Mattson, Mattson paid her a retainer of $500,000. *See Supplemental Declaration of Kenneth W. Mattson in Support of Defendant's Motion to Modify Pre-Trial Asset Restraint*, Case No. 4:25-CR-00126-JST, Dkt. No. 70-1 ¶ 30. ("I paid a retainer to my counsel, Randy Sue Pollock, in the amount of $500,000 at the outset of her representation of me. I understand that approximately $450,000 of this retainer remains.").

27. Mattson, however, did not make this payment from his personal funds. Instead, an examination of KSMP's bank records show that on May 10, 2024, KSMP wired the Fraudulent Retainer Payment from KSMP's bank account at BMO Bank ending in -1380 to Defendant's bank account at City National Bank ending in -5667. Mattson controlled KSMP when the Fraudulent Retainer Payment was made. An extract from the wire transfer records for KSMP's -1380 account is attached hereto as Exhibit 1.

28. Upon information and belief, Mattson and his wife, Stacy Mattson, began to sell off, conceal, and transfer assets in anticipation of the May 2024 FBI raid.

29. In the Mattson Criminal Proceedings (as defined below) Mattson falsely represented in a sworn statement to the District Court that he, not KSMP, was the source of the Fraudulent Retainer Payment.

30. On May 22, 2024, well after he was placed on notice of the SEC investigation and instructed to preserve data, Mattson deleted more than 10,000 files from his personal computer.

31. On May 24, 2024, the FBI raided Mattson's residence.

32. Beginning June 2024, multiple lawsuits were filed against Mattson and KSMP arising out of Mattson's scheme.

**C.    The Criminal and SEC Proceedings Against Mattson**

33. On May 13, 2025, a federal grand jury returned an indictment against Mattson (the "Mattson Indictment") charging him with, among other things, wire fraud (18 U.S.C. § 1343), money laundering (18 U.S.C. § 1957), and obstruction of justice in a federal investigation (18 U.S.C. § 1519) (the "Mattson Criminal Proceedings"). The Mattson Indictment expressly calls Mattson's scheme a "Ponzi scheme."

34. On May 22, 2025, pursuant to the Mattson Indictment, Mattson was arrested.

35. Also on May 22, 2025, the SEC filed a complaint (the "Mattson SEC Complaint") against Mattson and KSMP (as Relief Defendant). According to the Mattson SEC Complaint, from approximately 2007 through April 2024, Mattson ran a fraudulent scheme offering and selling fake interests in various limited partnerships created and managed by LFM.

**D.    KSMP Was Insolvent at the Time the Fraudulent Retainer Was Made and KSMP Received No Benefit From the Fraudulent Retainer Payment**

35. KSMP did not benefit from the Fraudulent Retainer Payment. KSMP is not Defendant's client and in fact Defendant has rendered no services to KSMP. KSMP has not benefited from any services that Defendant has rendered to Mattson.

36. KSMP was insolvent when it made the Fraudulent Retainer Payment to Defendant and continues to be insolvent.

7

# FIRST CLAIM FOR RELIEF
## (Avoidance of Actual Fraudulent Transfer Under Bankruptcy Code § 548(a)(1)(A))

37. Plaintiff repeats and realleges all the preceding paragraphs as though fully set forth herein.

38. The Fraudulent Retainer Payment was made within two years of the KSMP Petition Date of November 22, 2024.

39. The Fraudulent Retainer Payment was made with the actual intent to hinder, delay or defraud KSMP's creditors.

40. KSMP's intent to hinder, delay or defraud KSMP's creditors is further established by at least the following badges of fraud:

    a. The Fraudulent Retainer Payment was made for the sole and exclusive benefit of Mattson, an insider of KSMP;

    b. The Fraudulent Retainer Payment was concealed. Mattson falsely represented to the District Court in the Mattson Criminal Proceedings that he, not KSMP, was the source of the Fraudulent Retainer Payment.

    c. KSMP had been threatened with litigation when the Fraudulent Retainer Payment was made. Within one to two months after the Fraudulent Retainer Payment was made, KSMP became a defendant in multiple lawsuits alleging claims arising out of Mattson's misconduct.

    d. Prior to KSMP making the Fraudulent Retainer Payment, (i) Mattson entered into the Indemnification Agreement, purportedly on behalf of KSMP, (ii) Mattson resigned from his positions as Chief Executive Officer and Chief Financial Officer of LFM, (iii) the SEC sent Mattson a document preservation notice and a document subpoena (which, upon information and

belief, included document requests related to KSMP), and (iv) Mattson sought to retain Defendant as criminal counsel. Then, on May 20, 2024, shortly after KSMP made the Fraudulent Retainer Payment, KSMP paid a retainer of $100,000 to the law firm of Fennemore Craig PC to represent both KSMP and Mattson.

   e. KSMP did not receive any value in exchange for the Fraudulent Retainer Payment. KSMP is not Defendant's client. Defendant has rendered no services to KSMP. KSMP has not benefited from any services that Defendant has rendered to Mattson.

   f. KSMP was insolvent when it made the Fraudulent Retainer Payment to Defendant and continues to be insolvent.

   g. KSMP engaged in multiple transfers of real estate assets to third parties and insiders both immediately before and immediately after the payment of the Fraudulent Retainer Payment

  41. Defendant knew that KSMP, not Mattson, was the source of the Fraudulent Retainer Payment. Defendant knew that the details of the Fraudulent Retainer Payment were being hidden from all third parties by virtue of, among other things, the misrepresentations made to the District Court by Mattson regarding the source of the payment.

  42. Accordingly, the Fraudulent Retainer Payment should be avoided under section 548(a)(1)(A) of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
**(Avoidance of Actual Fraudulent Transfer Under Bankruptcy Code § 544(b)**
**and Applicable California Law (Cal. Civ. Code § 3439.04(a)(1))**

  43. Plaintiff repeats and realleges all the preceding paragraphs as though fully set forth herein.

  44. The Fraudulent Retainer Payment was made within four years of the KSMP Petition Date of November 22, 2024.

9

45. The Fraudulent Retainer Payment was made with the actual intent to hinder, delay or defraud KSMP's creditors.

46. KSMP's intent to hinder, delay or defraud KSMP's creditors is further established by at least the following badges of fraud:

    a. The Fraudulent Retainer Payment was made for the sole and exclusive benefit of Mattson, an insider of KSMP;

    b. The Fraudulent Retainer Payment was concealed. Mattson falsely represented to the District Court in the Mattson Criminal Proceedings that he, not KSMP, was the source of the Fraudulent Retainer Payment.

    c. KSMP had been threatened with litigation when the Fraudulent Retainer Payment was made. Within one to two months after the Fraudulent Retainer Payment was made, KSMP became a defendant in multiple lawsuits alleging claims arising out of Mattson's misconduct.

    d. Prior to KSMP making the Fraudulent Retainer Payment, (i) Mattson entered into the Indemnification Agreement, purportedly on behalf of KSMP, (ii) Mattson resigned from his positions as Chief Executive Officer and Chief Financial Officer of LFM, (iii) the SEC sent Mattson a document preservation notice and a document subpoena (which, upon information and belief, included document requests related to KSMP), and (iv) Mattson sought to retain Defendant as criminal counsel. Then, on May 20, 2024, shortly after KSMP made the Fraudulent Retainer Payment, KSMP paid a retainer of $100,000 to the law firm of Fennemore Craig PC to represent both KSMP and Mattson.

    e. KSMP did not receive any value in exchange for the Fraudulent Retainer Payment. KSMP is not Defendant's client. Defendant has rendered no services to KSMP. KSMP has not benefited from any services that Defendant has rendered to Mattson.

f. KSMP was insolvent when it made the Fraudulent Retainer Payment to Defendant and continues to be insolvent.

g. KSMP engaged in multiple transfers of real estate assets to third parties and insiders both immediately before and immediately after the payment of the Fraudulent Retainer Payment.

47. Defendant knew that KSMP, not Mattson, was the source of the Fraudulent Retainer Payment. Defendant knew that the details of the Fraudulent Retainer Payment were being hidden from all third parties by virtue of, among other things, the misrepresentations made to the District Court by Mattson regarding the source of the payment.

48. Accordingly, the Fraudulent Retainer Payment should be avoided under Cal. Civ. Code § 3439.04(a)(1) made applicable to this adversary proceeding by section 544(b) of the Bankruptcy Code.

### THIRD CLAIM FOR RELIEF
**(Avoidance of Constructive Fraudulent Transfer Under Bankruptcy Code § 548(a)(1)(B))**

49. Plaintiff repeats and realleges all the preceding paragraphs as thought fully set forth herein.

50. The Fraudulent Retainer Payment was made within two years of the KSMP Petition Date of November 22, 2024.

51. KSMP was insolvent at the time it transferred the Fraudulent Retainer Payment to Defendant, and/or became insolvent as a result of the transfer and/or was engaged in a business or transaction for which its remaining assets were unreasonably small capital; and/or KSMP intended to incur, believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as they became due.

11

52. KSMP did not receive reasonably equivalent (or any) value in exchange for the Fraudulent Retainer Payment. KSMP is not Defendant's client. Defendant has rendered no services to KSMP. KSMP has not benefited from any services that Defendant has rendered to Mattson.

53. Defendant knew that KSMP, not Mattson, was the source of the Fraudulent Retainer Payment. Defendant knew that the details of the Fraudulent Retainer Payment were being hidden from all third parties by virtue of, among other things, the misrepresentations made to the District Court by Mattson regarding the source of the payment.

54. Accordingly, the Fraudulent Retainer Payment should be avoided under section 548(a)(1)(B) of the Bankruptcy Code.

**FOURTH CLAIM FOR RELIEF**
**(Avoidance of Constructive Fraudulent Transfer Under Bankruptcy Code § 544(b) and Applicable California Law (Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05))**

55. Plaintiff repeats and realleges all the preceding paragraphs as thought fully set forth herein.

56. The Fraudulent Retainer Payment was made within four years of the KSMP Petition Date of November 22, 2024.

57. KSMP was insolvent at the time it transferred the Fraudulent Retainer Payment to Defendant, and/or became insolvent as a result of the transfer and/or was engaged in a business or transaction for which its remaining assets were unreasonably small capital; and/or KSMP intended to incur, believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as they became due.

58. On and after the dates of the Fraudulent Retainer Payment, the sum of KSMP's debts exceeded the fair value of its assets, and the fair value of its assets was less than the amount required to pay its liabilities on existing debts as they became absolute and matured.

59. KSMP did not receive reasonably equivalent (or an) value in exchange for the Fraudulent Retainer Payment. KSMP is not Defendant's client. Defendant has rendered no services to KSMP. KSMP has not benefited from any services that Defendant has rendered to Mattson.

60. Defendant knew that KSMP, not Mattson, was the source of the Fraudulent Retainer Payment. Defendant knew that the details of the Fraudulent Retainer Payment were being hidden from all third parties by virtue of, among other things, the misrepresentations made to the District Court by Mattson regarding the source of the payment.

61. Accordingly, the Fraudulent Retainer Payment should be avoided under Cal. Civil Code §§ 3439.04(a)(1) and 3439.05 made applicable to this adversary proceeding by section 544(b) of the Bankruptcy Code.

## FIFTH CLAIM FOR RELIEF
### (Recovery of Fraudulent Retainer Payment or the Value Thereof Under Bankruptcy Code § 550)

62. Plaintiff repeats and realleges all the preceding paragraphs as though fully set forth herein.

63. Defendant was the initial transferee of the Fraudulent Retainer Payment, who received the Fraudulent Retainer Payment directly from KSMP.

64. The Fraudulent Retainer Payment is avoidable by KSMP pursuant to Bankruptcy Code §§ 544 or 548, as alleged above.

65. Accordingly, Plaintiff is entitled to recover the Fraudulent Retainer Payment or the value thereof from Defendant pursuant to Bankruptcy Code § 550.

**WHEREFORE, Plaintiff prays for judgment as follows**:

A. On its First through Fifth Claims, avoidance and recovery of the Fraudulent Retainer Payment or the value thereof;

B. Pre-judgment interest and post-judgment interest, as provided by law;

C. Attorneys' fees and costs, including expert fees.

D. Such other relief as the Bankruptcy Court may deem just and proper.

Dated: October 21, 2025

*/s/ Richard L. Wynne*
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

Megan Nishikawa (Bar No. 271670)
megan.nishikawa@hoganlovells.com
Leen Bukai (Bar No. 359353)
leen.bukai@hoganlovells.com
HOGAN LOVELLS US LLP
4 Embarcadero Ctr., Ste 3500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499

*Attorneys for Plaintiff KS Mattson Partners, LP*

# Exhibit 1

# Wire Information

| | |
|---|---|
| **TRAN_ID** | HAR240510095083 |
| **AMOUNT** | 500000 |
| **CCY** | USD |
| **VALUE_DATE** | 5/10/2024 |
| **DIRECTION** | O |
| **CR_ACCT_NO** | 0000 |
| **CR_PARTY_BIC** | CINAUS6LXXX |
| **DR_ACCT_NO** | 1380 |
| **DR_PARTY_BIC** | |
| **BNF_ACCT_NO** | 5667 |
| **BNF_NAME** | RANDY SUE POLLOCK |
| **BNF_BANK_BIC** | CINAUS6LXXX |
| **BNF_BIC** | |
| **BNF_ADDR_LINE1** | |
| **BNF_ADDR_LINE2** | |
| **BNF_BANK_NAME** | City National Bank |
| **BNF_BANK_BIC_1** | CINAUS6LXXX |
| **BNF_BANK_IDENT** | 122016066 |
| **BNF_BANK_IDENT_TYPE** | FW |
| **BNF_BANK_ADDR_LINE1** | Los Angeles |
| **BNF_BANK_ADDR_LINE2** | CA |
| **PAYR_ACCT_NO** | 1380 |
| **PAYR_NAME** | KS MATTSON PARTNERS,LP |
| **PAYR_BIC** | |
| **PAYR_ADDR_LINE1** | 301 BUCK AVE |
| **PAYR_ADDR_LINE2** | VACAVILLE,CA,95688 US |
| **PAYR_ADDR_LINE3** | |
| **PAYR_BANK_NAME** | |
| **PAYR_BANK_BIC** | |
| **PAYR_BANK_ADDR_LINE1** | |
| **PAYR_BANK_ADDR_LINE2** | |
| **REMITTER_BIC** | |
| **PAYR_BANK_ADDR_LINE3** | |
| **STATUS** | Completed |
| **NETWORK** | FW |
| **END_TO_END_REF** | |
| **SENDER_REF** | OLBB2024051063065049 |
| **REMIT_INFO** | |
| **PROCESSING_INSTRUCTIONS** | |
| **DT_UPDATED_TS** | 24-05-10 14:19:24.966000000 |